(May 13, 1958)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN G. BROADY, Appellant.— Judgment unanimously affirmed. No opinion. Concur — Botein, P. J., Valente, McNally, Stevens and Bastow, JJ.

■ DANANN REALTY CORP., Appellant, v. DAVID A. HARRIS et al., Respondents.— Order unanimously reversed on the law and motion to dismiss the first cause of action in the complaint is denied, without costs (*Sabo* v. *Delman*, 3 N Y 2d 155). We should not extend the application of *Cohen* v. *Cohen* (1 A D 2d 586, affd. 3 N Y 2d 813). Concur — Botein, P. J., Breitel, Rabin, Frank and Stevens, JJ.

■ JOSEPH ROMERO, as Administrator of the Estate of HELEN ROMERO, Deceased, Appellant, v. JOSEPHINE SJOBERG et al., Respondents.— This action was brought by plaintiff against the defendant bank to recover for having paid out moneys on deposit in the name of Helen Romero, and, against the individual defendant Josephine Sjoberg for having withdrawn such funds. The moneys were paid out by defendant bank upon presentation of the passbook together with a duly authenticated power of attorney signed by Helen Romero. There is no evidence to indicate that the passbook and the power of attorney were obtained from Mrs. Romero through fraud or duress. Nor is there any indication in the record that the delivery of the passbook by Mrs. Romero and the execution of the power of attorney by her were anything but voluntary. In view of these facts we must affirm the dismissal of the complaint as against the defendant New York Savings Bank. We cannot however affirm that portion of the judgment which dismisses the complaint as against Josephine Sjoberg and grants judgment on her counterclaim. The Trial Term found that a gift to Josephine Sjoberg of the moneys on deposit had been proven. However the evidence is not sufficient to establish a gift. We feel, nevertheless, that there should be a new trial. In the first place the evidence with respect to a gift is meager and seems to be incomplete. Likewise the evidence to establish defendant's claim of moneys advanced to and on behalf of Mrs. Romero is incomplete, for it does not specifically show when and where, or what amount was advanced. Furthermore, while there is every indication that some form of agency was given by Mrs. Romero to the defendant's mother in connection with the use of the bankbook and the power of attorney, proof of such agency, and its nature and extent, is incomplete. It is possible that defendant may be able to obtain adequate proof on the foregoing matters and therefore, in the interest of justice we think she should have the opportunity of a new trial. She should also be granted permission to apply for leave to amend her answer and counterclaim, if so advised, so as to permit the introduction of all relevant proof on the issues involved. Acordingly the judgment, insofar as it dismisses the complaint against Josephine Sjoberg and awards judgment on her counterclaim is reversed, on the law and on the facts, and, in the exercise of discretion a new trial is ordered, with costs to appellant to abide the event. Said defendant may apply at the Special Term to replead her answer and counterclaim. The judgment insofar as it dismisses the complaint against the New York Savings Bank is affirmed, with costs and disbursements to that defendant. Settle order. Concur — Breitel, J. P., Rabin, Frank, McNally and Stevens, JJ.